```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

FRANCES JAKEL-TAYLOR,           )
                                )
          Plaintiff             )
                                )
     v.                         )  Case No. 2:05 cv 2
                                )
JO ANNE B. BARNHART,             )
COMMISSIONER OF SOCIAL SECURITY )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Application For Attorneys' Fees Under The Equal Access To Justice Act filed by the plaintiff, Frances Jakel-Taylor, on August 8, 2006. For the reasons set forth below, the motion is **GRANTED**.

Background

On May 25, 2005, plaintiff Frances Jakel-Taylor filed a complaint seeking review of a decision by the Commissioner of Social Security denying Supplemental Security Income and Disability Insurance Benefits. On May 9, 2006, this court found that the ALJ improperly discounted the testimony of the plaintiff and improperly rejected the evidence provided by all treating and evaluative physicians. The court concluded that consistent evidence in the case mandated the award of benefits.

On August 8, 2006, Jakel-Taylor timely filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA") after this court's order became final and unappealable. *See* 29 U.S.C. § 2412(d)(2)(G); Federal Rule of Appellate Procedure 4(a). Jakel-Taylor seeks fees of $11,533.44 based upon 70.31 attorney hours

at a 2005 rate of $156.25 per hour, one attorney hour at a 2006 rate of $157.50 per hour, and 3.9 hours of paralegal/law clerk time at $100 per hour.

## Discussion

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A). *See also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-24 (7th Cir. 2004). In addition, the plaintiff must timely submit a fee application and itemized statement "to the court within 30 days of final judgment." **United States v. Hallmark Construction Company**, 200 F.3d 1076, 1078-79 (7th Cir. 2000). *See also* 28 U.S.C. §2412(d)(1)(B). The "position of the [Commissioner]" means the position of the Commissioner throughout the civil action, as well as "the action or failure to act by the [Social Security Administration] upon which the civil action is based." 28 U.S.C. §2412(d)(2)(D). *See also* **Marcus v. Shalala**, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court's award of attorneys' fees under the EAJA is reviewed for abuse of discretion. **Pierce v. Underwood**, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); **Golembiewski**, 382 F.3d at 723.

The Commissioner concedes that the award of fees is appropriate in this case and presents no challenge based on the

2

Commissioner's justification. Rather, the Commissioner argues that the fee request, itemizing the work of four separate attorneys, is excessive and duplicative.

The plaintiff has the burden of proving that the fees she seeks are reasonable by submitting "evidence in support of the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437, 103 S.Ct. 1933, 1939, 1941, 76 L.Ed.2d 40 (1983). *See also* 28 U.S.C. §2412(d)(1)(B).  In formulating her fee calculation, the plaintiff must exercise good billing judgment, which recognizes that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1940.  According to the Supreme Court, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1039-40.  The district court also may reduce an award for inadequately documented hours, hours that were not reasonably expended, and "for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. §2412(d)(2)(D); *Jean*, 496 U.S. at 161, 110 S.Ct. at 2320; *Hensley*, 461 U.S. at 433-34, 103 S.Ct. at 1939-40.

The Commissioner notes that the itemized time log submitted with the fee application reveals that one attorney, B. Borowski, assumed primary drafting responsibility, while three attorney's,

3

F. Daley, M. Goldbloom and V. Borowski, shared editing and reviewing tasks. The Commissioner argues that this arrangement is excessive and duplicative and asks for an appropriate reduction for this overstaffing.

The court finds no overstaffing or duplicative efforts. From May 9, 2005 through May 22, 2005, B. Borowski had primary responsibility in drafting a brief. V. Borowski is credited with spending a total of two hours revising and shortening this draft on May 22, 2005.  On May 25, 2005, the time logs indicate that F. Daley spent 1.25 hours reviewing and making edits to this document. Finally, M. Goldbloom contributed only 30 minutes to the attorney hours on May 25, 2005, reviewing a final draft that incorporated the edits of F. Daley and was filed with the court that day. These entries do not indicate duplicative effort as much as they reveal a reasonable sequence leading to a completed brief. The court finds that it is not unreasonable that a lead attorney would spend slightly over one hour reviewing a draft by a junior attorney and that another attorney would spend 30 minutes reviewing such a draft one last time before it is filed with the court.

Further, the record indicates that, during the only period of time in which all four attorneys logged some hours, the total amount of time spent on the brief filed May 25, 2005 was approximately 41 hours. In light of this case's history, spanning approximately ten years and including a hearing, an initial decision by the ALJ, remand by the Appeals Council, a second

4

hearing before the ALJ , and finally, a second decision by the

ALJ, the court concludes that the amount of time spent preparing this brief was not excessive.

_____

For the foregoing reasons, the Application For Attorney's Fees Under The Equal Access To Justice Act filed by the plaintiff, Frances Jakel-Taylor, on August 8, 2006 is **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $11,533.44.

ENTERED this 29th day of September, 2006

                                            s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge