```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

FRANCES JAKEL-TAYLOR,          )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:05 cv 2
                               )
JO ANNE B. BARNHART,           )
COMMISSIONER OF SOCIAL SECURITY )
                               )
          Defendants           )
```

OPINION AND ORDER

This matter is before the court on the Petition for Attorney Fee Pursuant to §206(b)(1) filed by the plaintiff's attorney, petitioner Frederick J. Daley, on October 18, 2006. For the reasons set forth below, this motion is **GRANTED IN PART** and **DENIED IN PART.**

Background

Frances Jakel-Taylor applied for disability insurance benefits and supplemental security income on July 8, 1997. Following an initial hearing and denial by an Administrative Law Judge, the appeals council vacated the ALJ's decision, and Jakel-Taylor had a second hearing. The ALJ again denied benefits on January 23, 2003. More than a year and a half later, the appeals council rejected Jakel-Taylor's application. On May 9, 2006, this court reversed that decision and awarded benefits.

On August 8, 2006, Frederick J. Daley, Jakel-Taylor's attorney, successfully moved for an award of fees pursuant to the Equal Access to Justice Act. *See* Opinion and Order, September 29, 2006 (DE 40). Under the EAJA, Daley was awarded $11,533.44. Of

this amount, $1,141.88 was derived from the attorney's efforts in preparing the EAJA application. The petitioner now seeks an award of fees pursuant to 42 U.S.C. §406(b)(1) and the 25 percent contingency fee agreement entered into between the attorney and Jakel-Taylor. The gross amount represented by Jakel-Taylor's past due benefits was $190,610.00.

The commissioner and the plaintiff's attorney agree that, generally, the amount previously awarded under the EAJA operates as a credit to the claimant.  Even if her award is reduced according to the contingency agreement, it is not reduced by the amount the attorney already has received pursuant to the EAJA. The commissioner's sole objection to the petition regards that portion of the original EAJA award that was derived from preparing the application itself. The commissioner argues that, in reducing the contingency fee award, the court should subtract the entire EAJA award. The petitioner argues that the court should subtract the amount that represents time expended on behalf of the client, but not the amount spent preparing the fee application. The parties dispute whether this $1,141.88 should remain with the attorney or be credited to the claimant.

## Discussion

Fees may be awarded under both the Equal Access to Justice Act and 42 U.S.C. §406(b) provided the attorney refunds the lesser amount to the claimant. **Gisbrecht v. Barnhart**  535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002)(*quoting* Act of Aug. 5, 1985, Pub.L. 99-80, §3, 99 Stat. 186)("Fee awards

2

may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). Section 406(b)(1) concludes by stating that "no other fee may be payable or certified for payment for such representation." The limitation further requires that the attorney shall refund to the claimant the fees received under the EAJA for the "same work." See **Kopulos v. Barnhart**, 318 F.Supp.2d 657, 663 (N.D. Ill 2004).

The EAJA and the fee provisions of the Social Security Act are based on competing Congressional concerns. Section 406(b) of the Social Security Act is recognized as a protective measure, designed to limit excessive fees in Social Security cases. See **Hopkins v. Cohen** 390 U.S. 530, 534-535, 88 S.Ct. 1146, 1149, 20 L.Ed.2d 87 (1968)("The legislative history of §206(b)(1) speaks of the desire of Congress to reduce contingent fee arrangements and to restrict an attorney's fee to an amount not in excess of 25 percent of accrued benefits."); **Gisbrecht,** 535 U.S. at 804, 122 S.Ct. at 1826; **McGuire v. Sullivan,** 873 F.2d 974, 980 (7th Cir. 1989) ("The legislative history of the Social Security Amendments of 1965 which introduced the twenty-five percent limit on the fee that could be paid pursuant to contingency contracts noted that 'attorneys have upon occasion charged what appear to be inordinately large fees for representing claimants in Federal district court actions arising under the social security program.'").

The Equal Access to Justice Act arises from a wholly separate Congressional desire. In **Scarborough v. Principi,** 541 U.S.

401, 406, 124 S.Ct. 1856, 1861, 158 L.Ed.2d 674 (2004), the Supreme Court recognized that "Congress enacted [the] EAJA . . . 'to eliminate the barriers that prohibit small businesses and individuals from securing vindication of their rights in civil actions and administrative proceedings brought by or against the Federal Government.'")(*quoting* H.R.Rep. No. 96-1005, p. 9).  The Supreme Court "harmonized" these provisions in ***Gisbrecht***, stating "[f]ee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." ***Gisbrecht***, 535 U.S. at 796, 122 S.Ct. at 1822.

The petitioner provides no basis under which he has apportioned the EAJA award into two separate components, one of which is credited to the claimant's award and the other which is retained. In addition, though there are cases that discuss the need to credit the EAJA fee to the claimant, if the lesser of the two, none have separated the EAJA award into component parts as the petitioner now requests. *See e.g.* ***Kopulos***, 318 F.Supp.2d at 657; ***Joslyn v. Barnhart***, 389 F.Supp.2d 454, 457 (W.D. NY 2005); ***Poole v. Bowen***, 689 F.Supp. 500, 503 (E.D. Pa. 1988); ***Roark v. Barnhart***, 221 F.Supp.2d 1020, 1022 (W.D. Mo. 2002); ***Gallman v. Apfel***, 2000 WL 1689762 at *4, No. Civ. A. 96-5157 (E.D. Pa. 2000). The petitioner's arguments amount to a statement that the work associated with representing the claimant is not the "same work" as filing the EAJA fee application that arose from this work.

In ***Kopulos***, the Northern District of Illinois thoroughly

4

addressed a related concern, examining whether work done before two different ALJs at successive stages of a disability proceeding and presenting distinct issues on behalf of the same claimant were the "same work" for purposes of the Social Security Act. The court held that "*all EAJA awards* granted for work performed on a claim must off-set the SSA fees awarded for work performed on the same claim." *Kupulos*, 318 F.Supp.2d at 667 (emphasis added).

Work compensated under the EAJA is work performed for the claimant's benefit. The petitioner misreads the EAJA as a statutory provision designed to benefit the attorney. Clearly, the purpose of the EAJA is to encourage the vindication of rights in the face of government actions that are not substantially justified. However, in relationship with §406(b), "[t]he purpose of the EAJA is to reimburse the claimant for fees paid out of the claimant's benefits, not to enhance the attorney's fees to an amount above the fees contemplated in the contingency agreement." *Kopulos*, 318 F.Supp.2d at 666 (*citing* *Carpenter v. Principi*, 15 Vet.App. 64, 74-76 (2001), *appeal dismissed* 327 F.3d 1371 (Fed. Cir. 2003)). The time spent seeking an EAJA award, particularly when, as here, benefits are awarded, is work done on behalf of the same claim and to the direct benefit of the claimant. As a result, it is the "same work" and not subject to being divided as petitioners attempt to do here.

This conclusion also follows from the plain language of the EAJA and the Social Security Act. Section 406(b)(1) states that when "a court renders a judgment favorable to a claimant" the

5

attorney may be awarded fees not to exceed 25 percent of the past due benefits, and that "no other fee may be payable . . . for such representation." The petitioner's bid to retain a portion of the fees previously awarded under the EAJA, by failing to credit them back to the claimant, is contrary to this provision. This court reads the §406 prescription to require that, when benefits are awarded, this section is the sole source of attorney fees.

In resisting this conclusion, the petitioner largely focuses on the policy of the EAJA, arguing that the claimant benefits from the attorney's efforts to make the government liable for taking positions that are not substantially justified. Therefore, treating the EAJA as establishing an incentive for attorneys is beneficial to claimants. The court has no quarrel with this observation. However, the EAJA is designed to benefit the claimant directly. Under the petitioner's argument, the claimant is left with only an indirect benefit. *See* **Kopulos**, 318 F.Supp.2d at 666.

The petitioner further argues that under this approach attorneys receive the same fee, regardless of whether they file an EAJA application. Consequently, the express purpose of the EAJA is being eroded. However, this argument ignores the relationship between the EAJA and the Social Security Act. First, this argument assumes that the claimant ultimately will be awarded benefits. That is not the case. And, when it is not the case, the attorney who has been awarded EAJA fees retains the entire EAJA award. The petitioner's argument also does not

6

account for the policy underlying §406, which is the creation of a certain limit to the award of fees. The balance that Congress struck in encouraging the vindication of rights through the EAJA and limiting the award of attorney's fees under the Social Security Act does not permit the retention of the portion of fees awarded under the EAJA representing the time spent preparing the EAJA application. Accordingly, the petitioner's fees under the Social Security Act will be reduced by the entire amount of the prior EAJA award.

The fee provisions in §406 require this court to ensure the reasonableness of the fees that are to be awarded under a private contingency fee agreement. *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1817; *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1099 (N.D. Ill 2005). The court must consider

> the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases.
>
> *Hodges-Williams,* 400 F.Supp.2d at 1099 (*citing McGuire*, 873 F.2d at 979

The commissioner offers no dispute that petitioner is entitled to the full 25 percent award and this court agrees. The petitioner is highly experienced in this field, represented the claimant in a particularly protracted case, and achieved excellent results. Upon review of the hours expended on behalf of Jakel-Taylor's claim, the court concludes that the fees requested by the petitioner are reasonable.

_____

For the foregoing reasons, the Petition for Attorney Fee Pursuant to §206(b)(1) is **GRANTED IN PART** and **DENIED IN PART**. The petitioner is awarded $36,119.06 pursuant to 42 U.S.C. §406(b)(1).

ENTERED this 22nd day of January, 2007


                                              s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge